**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2489-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES P. FLETCHER,

    Defendant-Appellant.

_____

Submitted May 12, 2025 – Decided June 4, 2025

Before Judges Sabatino and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 22-11-0221.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Ethan Kisch, Assistant Deputy Public Defender, of counsel and on the brief).

Sahil K. Kabse, Acting Sussex County Prosecutor, attorney for respondent (Karen A. Lodeserto, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Tried by a jury, defendant James P. Fletcher was found guilty of violating N.J.S.A. 2C:40-26(b), the fourth-degree criminal offense of driving with a suspended license due to two or more driving-while-intoxicated ("DWI") offenses. The trial court sentenced defendant, who had four previous suspended-driving violations of the same kind, to an eighteen-month prison term with a nine-month parole bar.

On appeal, defendant raises the following arguments in his brief:

> POINT I
>
> THE TRIAL COURT SHOULD HAVE GRANTED MR. FLETCHER'S RECUSAL MOTION.
>
> POINT II
>
> MR. FLETCHER MUST BE RESENTENCED.
>
>> A. The sentencing court ruled it was "required" to institute a nine-month period of parole ineligibility under N.J.S.A. 2C:43-6(b)  It was not.
>>
>> B. Mr. Fletcher is entitled to 180 days of gap time credits.

Having considered these arguments in light of the applicable law, we affirm defendants' conviction and sentence, except for the award of 180 gap-time credits as to which the State consents. We offer only the following brief comments about the other two points.

First, we reject defendant's contention that the trial judge was obligated to recuse himself because of an alleged bias for the State. His contention involves an in-chambers conference with both trial counsel to discuss possible redactions to the police body-worn camera recording of the motor vehicle stop, which the State planned to present in its case in chief. During that conference, the judge identified four passages from the transcript of the body-worn camera recording that his preliminary review suggested might be relevant and admissible and therefore not redacted. Defendant claims the judge's reference to these passages violated <u>Rule</u> 3.17(B) of the Code of Judicial Conduct (advising judges to disqualify themselves "in proceedings in which their impartiality or the appearance of their impartiality might reasonably be questioned") and <u>Rule</u> 1:12-1(g) (calling for disqualification for "any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so"). We reject this contention.

Viewed objectively, the record shows the judge was endeavoring to have the in-chambers review proceed expeditiously, since neither trial attorney had supplied the court with a proposed redacted transcript or proposed redacted video in preparation for the conference. To advance discussion of the issues, the judge advised that he had marked up a transcript preliminarily indicating

A-2489-23

which portions appeared to be admissible and offered to show it to both counsel. <u>Both</u> counsel agreed to see his preliminary marked transcript. The judge had not made up his mind about the possible redactions but instead was seeking the attorneys' input. The judge thereafter made clear he was "not in any way directing or leading the State." Defense counsel nonetheless moved for the judge's recusal.

Under the circumstances, no "reasonable, fully informed person [would] have doubts about the judge's impartiality[.]" <u>State v. McCabe</u>, 201 N.J. 34, 44 (2010). The judge soundly denied defendant's motion for recusal.

Second, apart from the conceded gap-time correction, we discern no reason to disturb the sentence. The applicable statute, N.J.S.A. 2C:40-26(c), requires the imposition of "a fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for parole." That provision specifying a 180-day (i.e., six-month) mandatory minimum must be read in tandem with the general language of N.J.S.A. 2C:43-6(a)(4), which authorizes a maximum sentence "not [to] exceed 18 months" for fourth-degree crimes such as the present one. The court has the discretion to impose a parole bar up to half of that range if it finds a preponderance of aggravating factors outweighing any mitigating factors. N.J.S.A. 2C:43-6(b); <u>State v. Kiriakakis</u>, 235 N.J. 420, 441,

443 (2018).

Here, as noted above, the court imposed an eighteen-month custodial sentence on defendant with a nine-month parole bar. The court acted within its sound discretion in imposing that parole bar. State v. Case, 220 N.J. 49, 65 (2014) (noting the well-settled deference appellate courts give to sentencing decisions and the trial court's findings of aggravating and mitigating factors that are supported by the record); see also State v. Torres, 246 N.J. 246, 272 (2021).

The trial court reasonably found that aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (the risk of reoffence), six, N.J.S.A. 2C:44-1(a)(6) (defendant's prior record of offenses and their seriousness), and nine, N.J.S.A. 2C:44-1(a)(9) (the need for deterrence), applied and no mitigating factors. Contrary to defendant's contention, the court did not assume it was required to impose the nine-month parole bar, but instead explained in detail its case-specific rationale:

> For the offense that you were convicted of by a jury, count one of Indictment 22-11-221-I, operating a motor vehicle during a period of license suspension for a second or subsequent DWI in violation of New Jersey Statute 2C:40-26(b), a crime of the fourth degree, and for the reasons that the court has set forth in its statements of reasons placed on the record, you will be committed to the custody of the Commissioner of the Department of Corrections for a period of eighteen months and there will be a period of nine months of parole ineligibility required pursuant to New Jersey Statute 2C:43-6(b) as a result of the court's finding that

> I'm clearly convinced that the aggravating factors substantially outweigh the mitigating factors.
>
> To sentence Mr. Fletcher to [a] 180 day sentence which is the minimum mandatory sentence without parole or to 364 with a 180, would simply, as far as the court is concerned, minimize the offense that he has committed. Hopefully this new sentence will drive home the message[.].
>
> [(Emphasis added).]

The court did not act rigidly or abuse its discretion in determining the sentence and the associated parole bar. Given the multiplicity of defendant's previous offenses under N.J.S.A. 2C:40-26, the sentence does not shock the judicial conscience. State v. Fuentes, 217 N.J. 57, 70 (2014).

Lastly, as noted, the matter should be remanded for the limited purpose of amending the judgment of conviction to award defendant 180 days of conceded gap-time credits. N.J.S.A. 2C:44-5(b)(2).

To the extent we have not addressed any remaining points raised on appeal, they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed in part; remanded solely to correct the omission of gap-time credits.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-2489-23